ELERA HOSIER, ARTHUR DeMOTT AND EVA MAY HANNE-MANN, APPELLANTS, v. GREAT NOTCH CORPORATION, RESPONDENT.

Argued October 22, 1947—Decided January 29, 1948.

For the appellants, *Joseph V. Fumagalli* (*Peter Hofstra*, of counsel).

For the respondent, *Cox & Walburg* (*William H. D. Cox*, of counsel).

The opinion of the court was delivered by

COLIE, J. This is an appeal from a judgment in favor of the Great Notch Corporation entered upon a nonsuit.

The complaint alleged that the plaintiffs were the owners of lands in Pequannock Township in Morris County described by metes and bounds and that the defendant corporation had

excavated sand, stone, soil and gravel therefrom without permission and thereby the plaintiffs sustained injury for which it sought damages in the sum of $25,000. The defendant by its answer denied ownership in the plaintiffs and pleaded ownership in itself.

The facts as developed on the plaintiffs' case disclosed that prior to 1903 John H. DeMott and Mary Brewster were the respective owners of adjoining farms; the dividing line between which was a well-defined right of way twelve feet wide except at one point where a tract of one and a quarter acres, approximately 200 by 300 feet, owned by Mary Brewster was north of the aforesaid right of way and formed a jut into the DeMott farm. In 1903 Mrs. Brewster conveyed this tract, designated as the "jog" to DeMott who did not record the deed until December 10th, 1906. In the spring of 1903 and again in 1904, DeMott plowed up a part of the "jog" and planted a crop of sweet corn which he later harvested. In 1904 Mary Brewster conveyed her farm, including the "jog" to one Frank Ward and his deed was recorded in the clerk's office of Morris County on June 6th, 1905. The plaintiffs herein claim title to the "jog" as devisees of DeMott; the defendant claims title by mesne conveyance from Ward.

At the times hereinabove mentioned, the statute provided that:

"Every deed * * * shall, until duly recorded or lodged for record * * * be void and of no effect * * * against all subsequent *bona fide* purchasers * * * for valuable consideration, not having notice thereof, whose deed shall have been first duly recorded. * * *"

*Pamph. L.* 1898, *ch.* 232, as amended *Pamph. L.* 1900, *ch.* 16, now *R. S.* 46:22–1.

To prevail in their suit, it was incumbent upon the plaintiffs to establish that Ward, upon whose deed their title is based, had notice of the unrecorded deed delivered to DeMott in 1903. The notice may be actual or constructive. *Coleman* v. *Barklew,* 27 *N. J. L.* 357. Possession may or may not amount to implied notice. In *Holmes* v. *Stout,* 10 *N. J. Eq.* 419 (at *p.* 428), Chief Justice Green speaking for this court

said that there "must be an actual and exclusive possession manifested by notorious acts of ownership, and such as would naturally be observed and known by others." We find no evidence which would have justified the trial court in submitting the question of notice to the jury and we think the instant case in all essentials similar to *Cox* v. *Devinney,* 65 *N. J. L.* 389, where the applicable rule is stated as follows:

"While the general rule is that possession of land is notice to a purchaser of the possessor's right therein, nevertheless such possession, to be effectual, as notice, must be not only exclusive and uninterrupted, it must also be open, notorious and visible, *i. e., it must indicate the occupant.* The fact that lands are under cultivation does not, of itself, suggest that anyone other than the reputed owner of the premises is in possession of them. In order to charge a purchaser with notice, the occupation must be of a character which would put a prudent person upon inquiry; it must indicate that someone other than he who appears by the record to be the owner has rights in the premises."

The judgment under appeal is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.